OPINION
This appeal is brought by Defendant-Appellant, Ralph Noreiga, from a judgment of the Court of Common Pleas of Putnam County, adjudicating Appellant as a sexual predator pursuant to the provisions set forth in R.C. Chapter 2950. For the reasons expressed in this opinion, we affirm the judgment of the trial court.
The record indicates that in February 1994, the Putnam County Grand Jury indicted Appellant on six counts of rape. After an initial plea of not guilty by reason of insanity, Appellant pled guilty to one count of rape, an aggravated felony of the first degree, in violation of R.C. 2907.29(A)(2), by means of a negotiated plea agreement. In exchange for Appellant's plea, the State of Ohio agreed to dismiss the remaining charges contained in the indictment. The court subsequently accepted the plea and ordered the preparation of a presentence investigation report.
Thereafter, on June 9, 1994, the trial court sentenced Appellant to an indefinite prison term of ten to twenty-five years. During Appellant's incarceration, the Ohio Department of Rehabilitation and Corrections recommended that he be classified as a sexual predator in accordance with R.C. Chapter 2950, Ohio's version of Megan's Law. The court held a hearing on the matter and in a July 26, 1999 judgment entry, found Appellant to be a sexual predator. Appellant then filed the instant appeal, asserting two assignments of error for our review.
 Assignment of Error I The trial court determination that Defendant was a sexual predator, as defined in Ohio Revised Code 2950.09(E), is contrary to the manifest weight of the evidence.
 In determining whether a judgment is against the manifest weight of the evidence, the Supreme Court of Ohio has held that appellate courts are under a duty to:
 [Review] the entire record, [weigh] the evidence and all reasonable inferences, [consider] the credibility of witnesses and [determine] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created a manifest miscarriage of justice * * *.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
R.C. 2950.01(E) defines a "sexual predator" as follows:
 `Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 R.C. 2950.09(B)(2) sets forth several factors that a trial court must consider when deciding an offender's sexual predator status. This statute provides:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty.
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 R.C. 2950.09(C)(2) further states that after reviewing all of the above factors and any other relevant evidence, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." The term clear and convincing evidence has been defined as:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
 Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
In the case before us, Appellant pled guilty to one count of rape. The underlying facts indicate that Appellant forced a female acquaintance to engage in sexual intercourse with him, threatening her with a baseball bat if she did not comply. Appellant does not argue that rape is not a sexually oriented offense. Rather, Appellant argues that the trial court's determination, by clear and convincing evidence, that Appellant was likely to engage in these types of offenses in the future is against the weight of the evidence. We are not convinced.
In adjudicating Appellant as a sexual predator, the trial court considered victim impact statements along with pre-sentence and post-sentence psychological evaluations. The court also heard testimony from David Connell, the clinical psychologist who conducted the post-sentence evaluation, which was specifically oriented toward the issue of Appellant's status as a sexual predator. Dr. Connell's evaluation stated that in his opinion, Appellant could be classified as a sexual predator due to his history of sexual offending.
Despite the results of this evaluation, Appellant specifically argues that the doctor based his opinion on a misunderstanding that Appellant had previously been convicted of gross sexual imposition rather than the lesser offense of attempted sexual imposition. Although the doctor may have misspoke during his testimony, the written evaluation correctly states that Appellant had a prior conviction of attempted sexual imposition in 1980.
This earlier conviction stemmed from an attempt to have sexual contact with a female victim referred to as "Natalie". The doctor stated that he found the prior offense significant to his evaluation since it involved definite sexual overtones. While it is true that attempted sexual imposition is not a "sexually oriented offense" as that term is defined in R.C. 2950.01(D), we do not find that the trial court erred in adopting Dr. Connell's opinion. This is especially true in light of the fact that R.C.2950.09(B)(2)(b) does not restrict a court to the consideration of prior sexually oriented offenses only. Thus, based upon the foregoing, Appellant's first assignment of error is overruled.
 Assignment of Error II Ohio Revised Code Chapter 2950 et seq., as applied to Defendant-Appellant, is unconstitutional in that it violates Defendant's protections of Section I, Article I and Section 16, Article I of the Ohio Constitution.
 In this assignment of error, Appellant claims that R.C. Chapter 2950 is unconstitutional because the reporting, registration, and verification requirements contained in the law are unreasonable and unduly oppressive police powers. In support of this argument, Appellant cites to State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406, wherein the Eleventh District Court of Appeals found R.C. Chapter 2950 unconstitutional on these grounds.
This court has previously addressed this issue and in so doing, we have consistently elected not to adopt the reasoning expressed in the Williams opinion. In State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported, we upheld the constitutionality of Megan's Law by concluding that it is not an arbitrary or unreasonable encroachment upon an offender's privacy rights. Further, in State v. Joyce (Sept. 2, 1999), Allen App. No. 1-99-31, unreported, this court found that, while the issue was not directly in front of the Supreme Court of Ohio, the constitutional considerations set forth in State v. Cook (1998),83 Ohio St.3d 404, were highly persuasive indications that R.C. Chapter 2950 is constitutional in its entirety. Accordingly, Appellant's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 WALTERS, J.
 SHAW and BRYANT, JJ., concur.